# Supreme Court of Florida

_____

No. SC17-2053
_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.420 - 2017 FAST-TRACK REPORT.**

[January 18, 2018]

PER CURIAM.

We have for consideration amendments to Florida Rule of Judicial Administration 2.420 (Public Access to and Protection of Judicial Branch Records) proposed by The Florida Bar's Rules of Judicial Administration Committee (RJA Committee) in response to new legislation.  See Fla. R. Jud. Admin. 2.140(e).  We have jurisdiction[1] and amend the rule as proposed by the RJA Committee and approved by the Executive Committee of the Board of Governors of The Florida Bar.

Rule 2.420(d)(1)(B) (Procedures for Determining Confidentiality of Court Records) lists the information in court records that the clerk of court must

---

1.  See art. V, § 2(a), Fla. Const.

designate and maintain as confidential. Subdivision (d)(1)(B)(ix) currently lists records of substance abuse service providers that are confidential under section 397.501(7), Florida Statutes (2017), as one of the categories of court records the clerk of court must keep confidential. We amend subdivision (d)(1)(B)(ix), as proposed, to add "all petitions, court orders, and related records for involuntary assessment and stabilization of an individual," which are confidential under newly enacted section 397.6760, Florida Statutes (2017),[2] at the end of that subdivision. We also adopt all of the purely technical proposed amendments to rule 2.420.

Accordingly, the Florida Rules of Judicial Administration are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[3]

---

2. See ch. 2017-25, §§ 1, 3 Laws of Fla. (creating § 397.6760 (Court records; confidentiality), Fla. Stat., effective July 1, 2017).

3. All comments must be filed with the Court on or before March 13, 2018, with a certificate of service verifying that a copy has been served on the Committee Chair, Judson Lee Cohen, 14125 N.W. 80th Avenue, Suite 400, Miami Lakes, Florida 33016-2350, jcohen@weinsteincohen.com, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@floridabar.org, as well as a separate request for oral

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Judson Lee Cohen, Chair, Rules of Judicial Administration Committee, Miami Lakes, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

　　for Petitioner

---

argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until April 9, 2018, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.420.       PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a) – (b)       [No Change]**

**(c)       Confidential and Exempt Records.** The following records of the judicial branch shall be confidential:

(1) – (8)       [No Change]

(9)       Any court record determined to be confidential in case decision or court rule on the grounds that:

(A)       confidentiality is required to:

(i) - (vii)       [No Change]

(B)       the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (c)(9)(A); and

(C)       no less restrictive measures are available to protect the interests set forth in subdivision (c)(9)(A).

(10)       [No Change]

**(d)       Procedures for Determining Confidentiality of Court Records.**

(1)       The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:

(A)       information described by any of subdivisions (c)(1) through (c)(6) of this rule; and

(B)       except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida

Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i) - (viii)　[No Change]

(ix)　Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individuals., § 397.501(7), Fla. Stat., and all petitions, court orders, and related records for involuntary assessment and stabilization of an individual, § 397.6760, Fla. Stat.

(x) - (xxii)　[No Change]

(2)　The filer of any document containing confidential information described in subdivision (d)(1)(B) shall, at the time of filing, file with the clerk a "Notice of Confidential Information within Court Filing" in order to indicate that confidential information described in subdivision (d)(1)(B) of this rule is included within the document being filed and also indicate that either the entire document is confidential or identify the precise location of the confidential information within the document being filed. If an entire court file is maintained as confidential, the filer of a document in such a file is not required to file the notice form. A form Notice of Confidential Information within Court Filing accompanies this rule.

(A)　[No Change]

(B)　The clerk of court shall review filings identified as containing confidential information to determine whether the purported confidential information is facially subject to confidentiality under subdivision (d)(1)(B). If the clerk determines that filed information is not subject to confidentiality under subdivision (d)(1)(B), the clerk shall notify the filer of the Notice of Confidential Information within Court Filing in writing within 5 days of filing the notice and thereafter shall maintain the information as confidential for 10 days from the date such notification by the clerk is served. The information shall not be held as confidential for more than that 10-day period, unless a motion has been filed pursuant to subdivision (d)(3).

(3)　The filer of a document with the court shall ascertain whether any information contained within the document may be confidential under subdivision (c) of this rule notwithstanding that such information is not itemized at subdivision (d)(1) of this rule. If the filer believes in good faith that information is confidential but is not described in subdivision (d)(1) of this rule, the filer shall

request that the information be maintained as confidential by filing a "Motion to Determine Confidentiality of Court Records" under the procedures set forth in subdivision (e), (f), or (g), unless:

> (A) – (B)     [No Change]

> (4) – (5)     [No Change]

**(e)     Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases.**

> (1) – (2)     [No Change]

(3)     Any order granting in whole or in part a motion filed under subdivision (e) must state the following with as much specificity as possible without revealing the confidential information:

> (A)     ~~T~~the type of case in which the order is being entered;

> (B)     ~~T~~the particular grounds under subdivision (c) for determining the information is confidential;

> (C)     ~~W~~whether any party's name determined to be confidential and, if so, the particular pseudonym or other term to be substituted for the party's name;

> (D)     ~~W~~whether the progress docket or similar records generated to document activity in the case are determined to be confidential;

> (E)     ~~T~~the particular information that is determined to be confidential;

> (F)     ~~I~~identification of persons who are permitted to view the confidential information;

> (G)     ~~T~~that the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court are no broader than necessary to protect the interests set forth in subdivision (c); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c); and

(H)     Tthat the clerk of the court is directed to publish the order in accordance with subdivision (e)(4).

(4) – (5)     [No Change]

**(f)     Request to Determine Confidentiality of Court Records in Criminal Cases.**

(1)     Subdivisions (e) and (h) shall apply to any motion by the state, a defendant, or an affected non-party to determine the confidentiality of trial court records in criminal cases under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the trial court under subdivision (f)(3), the following procedure shall apply:

(A)     Unless the motion represents that the Sstate, defendant(s), and all affected non-parties subject to the motion agree to all of the relief requested, the court must hold a hearing on the motion filed under this subdivision within 15 days of the filing of the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A).

(B)     [No Change]

(2) – (4)     [No Change]

**(g)     Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases.**

(1) – (2)     [No Change]

(3)     Any order granting in whole or in part a motion filed under subdivision (g)(1) must be in compliance with the guidelines set forth in subdivisions (e)(3)(A)–(e)(3)(H). Any order requiring the sealing of an appellate court record operates to also make those same records confidential in the lower tribunal during the pendency of the appellate proceeding.

(4) – (8)     [No Change]

**(h)     Oral Motions to Determine Confidentiality of Trial Court Records.**

(1)     Notwithstanding the written notice requirements of subdivision (d)(2) and written motion requirements of subdivisions (d)(3), (e)(1), and (f), the movant may make an oral motion to determine the confidentiality of trial court records under subdivision (c), provided:

(A) – (E)

(F)     the provisions of subdivision (f)(1)(A) and (f)(1)(B) and (f)(3) shall apply to any oral motion under subdivision (f)(3); and

(G)     [No Change]

(2) – (3)     [No Change]

(4)     If the court grants in whole or in part any oral motion to determine confidentiality, the court shall issue a written order that does not reveal the confidential information and complies with the applicable subdivision of this rule as follows:

(A)     For any oral motion under subdivision (e) or (f)(1), except subdivisions (f)(1)(A) and (f)(1)(B), the written order must be issued within 30 days of the hearing and must comply with subdivision (e)(3).

(B)     [No Change]

**(i)     Sanctions.** After notice and an opportunity to respond, and upon determining that a motion, filing, or other activity described below was not made in good faith and was not supported by a sound legal or factual basis, the court may impose sanctions against any party or non-party and/or their attorney, if that party or non-party and/or their attorney, in violation of the applicable provisions of this rule:

(1) – (4)     [No Change]

(5)     makes public or attempts to make public by motion or otherwise information that should be maintained as confidential under subdivision (c), (d), (e), (f), (g), or (h); or

(6)     [No Change]

Nothing in this subdivision is intended to limit the authority of a court to enforce any court order entered pursuant to this rule.

**(j) – (m)**      **[No Change]**

**Committee Note**

**[No Change]**

**APPENDIX TO RULE 2.420**

**[No Change]**